UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY R. THOMAS,

        Petitioner,

        -v-                                          08-CV-6583(MAT)
                                                        **ORDER**
JAMES CONWAY,
Acting Superintendent,
Attica Correctional Facility,

        Respondent.
_____

## I. Introduction

*Pro se* petitioner Timothy Thomas ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court of Rape in the First Degree (Penal Law § 30.35 [1]) and Rape in the Third Degree (Penal Law § 130.23 [2]) following a jury trial before Judge Richard A. Keenan. On December 10, 2003, petitioner was sentenced to 20 years in New York State Department of Corrections with respect to his conviction of first-degree rape, and to a concurrent 1 and 1/3 to 4 years term on his conviction of third-degree rape.

## II. Factual Background and Procedural History

Petitioner's conviction arises from an April 18, 2002 encounter between petitioner and sixteen year-old Sabrina Tyler ("the victim"). Petitioner approached the victim as she sat on the porch of her parents home in Rochester, New York, and made a sexual proposition. When the victim refused, petitioner took the victim

around the side of the house, restrained her with his hands, and had intercourse with her. The victim had known petitioner, who was twenty-nine, from seeing him around the neighborhood. Trial Mins. ("T.M.") 251-285.

Following the victim's testimony at petitioner's trial, the prosecution established through forensic biologist, Marcia Bledsoe, the presence of seminal fluids on the victim's stretch pants. T.M. 333, 348-349. The prosecution also called forensic biologist Ellyn Colquhoun, who testified that she performed DNA extraction analysis on the stains found on the stretch pants, concluding that the DNA matched petitioner's. T.M. 377.

The prosecution also offered into evidence the records from the victim's visit to Strong Hospital Emergency room six days after the incident. Defense counsel objected to the admission of the medical records solely on the grounds that he did not understand them, was unfamiliar with the medical terminology, and did not know "what's in there". T.M. 320-326. Counsel conceded, however, that the records were properly certified as a business and hospital records. Accordingly, the trial court overruled counsel's objection and allowed the records into evidence. T.M. 327. At the close of the prosecution's case-in-chief, defense counsel moved for a trial order of dismissal on the grounds that the prosecution had not met their burden of proof in the presentation of the case. The trial court denied the defense's request. T.M. 394.

Petitioner testified in his own behalf at trial, claiming that he had hugged and kissed the victim consensually. After the victim touched petitioner, he began touching himself which then resulted in ejaculation. He explained that this was how the semen was found on the victim's pants, and maintained that he did not have intercourse with the victim. T.M. 404-408.

The jury ultimately found petitioner guilty on both counts of the indictment. T.M. 545. Petitioner was then sentenced to 20 years on the first-degree rape count and 1 and 1/3 to 4 years on the third-degree rape count. Sentencing Mins. ("S.M.") 13-14.

Petitioner filed a direct appeal to the Appellate Division, Fourth Department, which unanimously affirmed Petitioner's judgment of conviction on July 3, 2008. People v. Thomas, 53 A.D.3d 1099 (4th Dept. 2008), lv. denied, 11 N.Y.3d 795 (2008); see also Resp't Appx. A-H.

This habeas corpus petition followed (Dkt. #1), wherein petitioner seeks relief on the following grounds: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) the trial court improperly admitted the victim's medical records; and (4) the verdict was against the weight of the evidence. Petition ("Pet.") ¶ 12, Grounds One-Three.[1]

---

[1] Petitioner did not raise his challenge to the weight of the evidence in the initial petition. Rather, it was raised as a separate point in his Reply/Memorandum of Law (Dkt. #9).

**III. Discussion**

    **A. General Principles Applicable to Habeas Review**

        **1. Standard Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

### 3. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar". In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "firmly established and regularly followed" by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

### B. Petitioner's Claims

#### 1. Ineffective Assistance of Trial Counsel

The Petitioner contends that he was denied effective assistance to counsel on the grounds that, *inter alia*, his attorney was unfamiliar with the contents of the victim's medical records, he failed to make an objection to the medical records, and never

sought to have inadmissible portions redacted. Pet. ¶ 12, Ground One; Pet'r Mem., Point 1. The Appellate Division rejected these contentions on the merits:

> [T]he record on appeal establishes that defense counsel was in fact familiar with the contents of the victim's medical records. With respect to defendant's second contention, we conclude that defense counsel's failure to move to redact certain portions of the records did not deprive defendant of meaningful representation. The medical records were admissible, and the statements of the victim in those records indicating that she was raped or sexually abused were germane to her treatment. Although the statements of the victim in the medical records concerning the identity of the perpetrator were not germane to her treatment, we conclude that defendant failed to satisfy the well-settled, high burden of showing that he was deprived of a fair trial and meaningful representation sufficient to warrant a reversal based on defense counsel's failure to seek redaction of those statements from the medical records. Identity was not at issue in the trial, and thus any error in the admission of those portions of the medical records is harmless.

Thomas, 53 A.D.3d at 1099-1100 (citations and quotations omitted).

The Sixth Amendment guarantees a criminal defendant "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court has established a two-pronged test for determining whether this right has been abridged. To demonstrate ineffective assistance to counsel, a defendant must show both (1) that counsel's performance was objectively unreasonable and (2) that, but for counsel's unprofessional errors, the result of the

6

proceedings would have been different. Id. The burden is a heavy one because the reviewing court must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenge action might be considered sound legal strategy. Id. at 689.

Here, the Petitioner is unable to demonstrate that his counsel's conduct has met the Strickland two-pronged test.

First, the record indicates that defense counsel was in fact familiar with the medical records. The prosecution had subpoenaed the hospital records in connection with a physical examination conducted at Strong Memorial Hospital. The trial court reviewed those records prior to trial and determined that they were limited to the "emergency room admission of the alleged victim and certain observations and tests which were conducted." Hearing Mins. dated 10/10/2003 at 14-16. The prosecution then sought to introduce them at trial, and defense counsel objected on the ground that certain elements of the records were illegible or indiscernible, and that objection was overruled by the trial court. T.M. 320-327. Accordingly, the record belies petitioner's assertion that his attorney was unfamiliar with the documents.

Second, as the trial court and appellate court found, the records were properly admissible under New York law as business

records. See N.Y. Civil Practice Law and Rules ("C.P.L.R.") 4518[2]; see also People v. Bradley, 15 A.D.3d 840, 841 (4th Dept. 2005), lv. denied, 4 N.Y.3d 851 (2005) (fact of complainant's rape was relevant to diagnosis and treatment, and thus certain recitals in complainant's hospital records were admissible under business records exception to hearsay in rape prosecution.) In light of the fact that the records were properly certified and admissible, counsel's conduct on this matter cannot be said to be objectively unreasonable. See, e.g., Duncan v. Griener, 1999 WL 20890, *11 (S.D.N.Y. Jan. 19, 1999) (where objection by trial counsel would have been fruitless, "the failure to so object is not evidence of ineffective assistance of counsel").

Finally, counsel did not render constitutionally deficient performance for failing to move to have the medical records redacted. As the appellate court found, identity was not at issue at this case and therefore, even if counsel should have sought to have those portions of the record redacted because they were inadmissible, petitioner did not suffer prejudice as a result of that omission. According to the victim's testimony, which was

---

[2] C.P.L.R. 4518 provides:

Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter . . . . The term business includes a business, profession, occupation and calling of every kind.

8

ultimately credited by the jury, the victim had verbally rejected petitioner's sexual advances, and physically indicated rejection by refusing to kiss him or allow him to touch her. As a result, he pulled the victim into the back yard, restrained her by pinning her against the wall and holding her hands behind her back, and put one hand over her mouth while having intercourse with her. In light of that testimony, and in addition to the physical evidence linking petitioner to the crime, it is unlikely that petitioner would have been acquitted had counsel sought redaction of the portion of the medical record naming the perpetrator. Thus, viewing the "totality of the evidence before the judge or jury," the Court cannot find that counsel's omission in this regard was prejudicial under the terms of Strickland. 466 U.S. at 695-96.

In sum, the Appellate Division's rejection of petitioner's ineffective assistance of trial counsel claim is neither contrary to, nor an unreasonable application of clearly established Supreme Court precedent, and this claim is dismissed.

### 2. Prosecutorial Misconduct

Petitioner contends that he was deprived of a fair trial because the prosecutor committed misconduct on summation. Pet. ¶ 12, Ground Two. In affirming petitioner's judgment of conviction, the Appellate Division held that petitioner failed to preserve his contention for appellate review, and, in any event, the contention was lacking in merit. Thomas, 53 A.D.3d at 1100.

9

Under New York law, a criminal defendant must preserve a challenge by making a specific and timely objection. This procedural requirement stems from New York's "contemporaneous objection" or preservation rule, codified at N.Y. Crim. Proc. L. ("C.P.L.") § 470.05(2)[3]. The rule require for preservation of an issue on appeal the party to raise the issue before the trial court at the earliest possible juncture. "The purpose of the rule is "to fairly apprise the court and the opposing party of the nature and scope of the matter contested.'" Robinson v. Perlman, No. 02 Civ. 8709 (LAP) (KNF), 2005 WL 6274288, *7 (S.D.N.Y. April 20, 2005) (quoting People v. Jones, 81 A.D.2d 22, 41-42 (2nd Dept. 1981)).

Where a state court judgment denying a claim is based on an adequate and independent state procedural ground, federal habeas review of that claim is foreclosed. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); see also Harris v. Reid, 489 U.S. 255, 261

---

[3] C.P.L. § 470.05 (2) provides:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in [response] to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

(1989). Stated another way, where a "firmly established and regularly followed state practice" is interposed by the state, subsequent review by a habeas court of a federal constitutional claim is precluded. James v. Kentucky, 466 U.S. 341, 348 (1984).

New York's contemporaneous objection rule has been recognized as an adequate and independent state ground barring federal habeas review. Garvey v. Duncan, 485 F.3d 709, 715-15 (2d Cir. 2007). ("[Section] 470.05(2) is a firmly established and regularly followed New York procedural rule"); Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007) ("Where the case law interpreting New York's preservation rule in criminal proceedings displays consistent application in a context similar to the one before us, that rule is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine.").

Because petitioner's claims are procedurally barred by an adequate and independent state ground, the Court may consider the un-preserved claims only if petitioner can show either: (1) cause for the procedural default and prejudice resulting therefrom; or (2) that he is actually innocent. Wainwright v. Sykes, 433 U.S. 72, 85, 91 (1997). Petitioner has alleged neither exception to overcome the procedural default, and the instant claim must be dismissed.

### 3. Admission of Medical Records

Petitioner argues that he was deprived of a fair trial based upon the admission of medical records in the absence of any foundational testimony or expert testimony explaining the records. Pet. ¶ 12, Ground Three.

Erroneous evidentiary rulings by a state trial court generally do not rise to the level of due process violations upon which a federal court may grant habeas relief. See Jenkins v. Bara, 663 F.Supp. 891, 899 (E.D.N.Y. 1987) (citing, *inter alia*, Lipinski v. New York, 557 F.2d 289, 292 (2d Cir. 1977)). "In order for an evidentiary error under state law to constitute a due process violation under the federal Constitution, a petitioner must show 'that the error was so pervasive as to have denied him a fundamentally fair trial.'" Mannino v. Graham, No. 06 Civ. 6371, 2009 WL 2058791, at *4 (E.D.N.Y. July 15, 2009) (quoting Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985)). Satisfying this standard requires the petitioner to "establish that the evidence was (a) erroneously admitted under New York law and (b) 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" Id. (quoting Collins, 755 F.2d at 19).

As discussed earlier, the medical records in this case were properly admitted as business records. See C.P.L.R. 4518; Fed. R.

Ev. 803(6)[4]. There was therefore no error, constitutional or otherwise, in admitting the medical records. See Brooks v. Artuz, 97 Civ. 3300, 2000 WL 1532918 at *6, 9 (S.D.N.Y.Oct.17, 2000) (petitioner did not demonstrate an error under state evidentiary law, "much less" an error of constitutional magnitude). Accordingly, petitioner has not set forth a basis for habeas relief, and this claim is dismissed.

### 4. Weight of the Evidence

Petitioner contends in his memorandum of law (Dkt. #9) that the verdict was against the weight of the evidence. Pet'r Mem., Point 3. The Appellate Division rejected this contention on the merits: "The testimony of the victim was not incredible as a matter of law, and the jury was entitled to credit that testimony." Thomas, 53 A.D.3d at 1100 (citing People v. Reid, 281 A.D.2d 986(4th Dept. 2001); People v. Bell, 234 A.D.2d 915, 915-96 (4th Dept. 1996)).

---

[4] The Federal Rules of Evidence 803(6) provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. E.g., Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5)[5], which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

This claim is therefore dismissed.

---

[5] C.P.L. § 470.15 (5) provides:

The kinds of determinations of reversal or modification deemed to be on the facts include, but are not limited to, a determination that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence.

**IV. Conclusion**

For the reasons stated above, Timothy Thomas's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   January 21, 2011
         Rochester, New York