```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

TIMOTHY R. THOMAS,

        Petitioner,

    -v-                          **No. 6:08-CV-6583(MAT)**
                                      **DECISION AND ORDER**

JAMES CONWAY, Acting Superintendent,
Attica Correctional Facility,

        Respondent.
___

## I. Introduction

On January 21, 2011, this Court issued a Decision and Order (Dkt #12) denying the pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 sought by Timothy R. Thomas ("Petitioner"). Judgment (Dkt #13) was entered on January 24, 2011, and Petitioner filed a notice of appeal (Dkt #14) with the Second Circuit. On November 2, 2011, a Second Circuit mandate (Dkt #16) was filed in this Court dismissing Petitioner's appeal. On May 21, 2013, a Second Circuit mandate (Dkt #17) denying Petitioner's motion for an order authorizing a successive 28 U.S.C. § 2254 petition was filed on this Court's docket. On July 30, 2014, Petitioner filed a Motion For Declaratory Judgment (Dkt #18). For the reasons discussed below, the motion is denied with prejudice.

## II. Motion for Declaratory Judgment

In his motion for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2201, Petitioner alleges that "attorneys in the office of

the State of New York also United States attorney for the Western District of New York [of] having evaded core constitutional questions, having failed to address the character and jurisdiction of the Internal Revenue Service. . . . instead having relied on accommodation of judicial officers in the United States District Courts. . ." Dkt #18, p2. The relief he seeks is $25 million "or [an] order [directing] the release of plaintiff from the New York State Department of Correction and Community Supervision, or REMAND of the case to the Rochester County Supreme Court of the Western District of New York to prove if a contract exis [sic] between plaintiff, the Courts, and the attorneys office where the trial causes were conducted in non-compliances [sic] with the provisions of Article III." Id.

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, . . . provides that a court 'may declare the rights . . . of any interested party,' and contemplates that district courts will exercise discretion in determining whether to entertain such actions," State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (internal citations omitted). This statute has been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (internal quotations omitted).

Assuming arguendo that Petitioner has stated an actual case or

controversy as required by 28 U.S.C. § 2201(a), thereby giving this Court has jurisdiction over his request for declaratory judgment, the Court finds that it must decline entertain the request. Petitioner's argument that he only can be prosecuted for crimes in New York state courts if a contractual relationship exists between him and the judiciary presents an "indisputably meritless legal theory" which is "predicated on clearly baseless factual contentions." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**IV. Conclusion**

For the foregoing reasons, Petitioner's Motion for Declaratory Judgment (Dkt #18) is **denied with prejudice**. The Court hereby certifies that any appeal from this Decision and Order would not be taken in good faith, and accordingly denies Petitioner leave to appeal in forma pauperis. The Court also finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, see, 28 U.S.C. § 2253(c)(2), and therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 29, 2014
         Rochester, New York